IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

SUSAN ENSKO                              *

                                         *

                                         *

    Plaintiff,                        *

v.                                       *    CIVIL NO.: WDQ-04-03464

HOWARD COUNTY, MARYLAND,                 *
et al.
                                         *

    Defendants.                       *

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION AND ORDER

    Susan Ensko sued her employer Howard County, Maryland
(the "County") and Chief G. Wayne Livesay, Officers Perry
Sauers and Paul Steepe for discrimination and retaliation in
violation of Title VII of the Civil Rights Act[1] and for violation
of Section 1983 of Title 42 of the United States Code[2].  Ensko
also sued Sauers and Steepe for intentional infliction of
emotional distress in violation of Maryland law. Pending are the
County and Livesay's motion to dismiss for failure to state a
claim, and Sauers and Steepe's motion to dismiss for failure to
state a claim.  For the following reasons, the County and

---

[1] 42 U.S.C. §§ 2000e *et seq.* (2005).

[2] 42 U.S.C. §1983 (2005).

1

Livesay's motion to dismiss will be granted in part and denied in part and Sauers and Steepe's motion to dismiss will be granted.

## I.   BACKGROUND

Ensko has been employed as a Howard County Police Officer for sixteen years. *See* Complaint at ¶ 11.  Since 2001, she has been subjected to sexually discriminatory and demeaning comments and actions by fellow officers and supervisors. *Id.* at ¶ 18.  Sauers and Steppe were among the officers frequently making derogatory comments to Ensko. *Id.* at ¶¶ 20, 33. This conduct included the display of pornographic magazines in her office, repeated display of pornographic images on police department computers, and comments regarding male officers' perverse sexual encounters with women. *Id.* This behavior was not merely directed at Ensko, several female police officers were also subjected to this conduct. *Id.* at ¶ 16.  Despite the County and Livesay's knowledge of the male officers' behavior, they failed to take corrective action. *Id.* at ¶¶ 16, 17.

After participating in another officer's discrimination suit, Ensko was ostracized and isolated. *Id.* at ¶ 25.  Her fellow officers regarded her as a "snitch", she was denied a promotion and placed under surveillance. *Id.* at ¶¶ 28, 47.  Due

to feelings of isolation and fear, she became emotionally distraught and unable to work. *Id.* at ¶ 42. She subsequently underwent therapy and took stress leave. *Id.*

On October 3, 2003, Ensko filed a sex discrimination, harassment and retaliation claim with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶7. On July 30, 2004, the EEOC issued Ensko a right to sue letter. *Id.* at ¶8. On October 27, 2004, Ensko initiated this action.[3]

## II. LEGAL DISCUSSION

A.        Motion to Dismiss

1.  Standard of Review

A Fed.R.Civ.P. 12 (b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), *(citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Raj Matkari*, et. al., 7 F.3d 1130, 1134 (4th Cir. 1993).

---

[3]On January 18, 2005, Ensko amended her complaint. All motions to dismiss the original complaint are therefore denied as moot.

If any possible basis for relief has been pled, the Court must deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979); *Swierkiewicz*, 534 U.S. at 514.

2.   Sexual Harassment under Title VII

Title VII provides that it "shall be an unlawful employment practice for an employer... to discriminate against any individual with respect to his ...terms, conditions, or privileges of employment, because of such individual's ...sex." 42 U.S.C. § 2000e-2(a). Sexual harassment gives rise to a claim of sex discrimination under Title VII.  Ensko alleges that she was subjected to a hostile work environment.  Under the hostile work environment theory, the harasser's conduct "has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 65 (1986).

The elements of a hostile work environment claim are as follows: (1) that the employee was harassed because of her sex; (2) that the harassment was unwelcome; (3)that the harassment was sufficiently severe or pervasive to create an abusive working environment; and (4) that some basis exists for

imputing liability to the employer.  *Hartsell v. Duplex Prods., Inc.*, 123 F,3d 766, 772 (4th Cir. 1997).

(a) The County

The County contends that the sexual harassment claim must be dismissed because Ensko failed to allege the first and third elements.   Ensko counters that she has sufficiently alleged facts to support a Title VII action.

The critical issue in the "because of sex" inquiry is whether members of one sex are exposed to disadvantageous terms or conditions. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 242 (4th Cir. 2000).  A woman may prove that she was harassed because of her sex even though she was not subjected to sexual advances or propositions. *See id.*  Here Ensko alleges that she was continuously subjected to comments regarding male officers' sexual encounters with women, comments about females not wearing underwear, the display of pornographic materials and personal photographs of sexual acts in the workplace.  As these comments and display of pornographic materials could be seen as demeaning to women, Ensko's allegations satisfies the "because of her sex" element. *See Miller v. Washington Workplace, Inc.*, 298 F. Supp. 364, 374 (E.D.Va. 2004).

The County also argues that the male police officers'

alleged behavior was not severe or pervasive enough to rise to the level of actionable harassment.   Considering whether the harassment was sufficiently severe or pervasive, the Court must look at all the circumstances to determine whether a work environment is hostile or abusive.   These circumstances include: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. *Smith*, 202 F.3d at 242. ("A work environment consumed by remarks that intimidate, ridicule, and maliciously demean the status of women can create an environment that is as hostile as an environment that contains unwanted sexual advances.")

Although the County cites multiple cases to support its assertion that Ensko's complaint cannot meet these factors, nearly all of the cases it relies upon were disposed of on grounds other than a motion to dismiss.   To survive a motion to dismiss, Ensko need not provide all the facts surrounding her claims. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).   Instead, she simply must allege a short and plain statement of the claim that contains enough facts for the Court to infer each element of her cause of action. *See* FED. R. CIV. P. 8(a)(2). Ensko contends that

6

since 2001 she was subjected to sexually discriminatory and demeaning comments. She further alleges that as a consequence of the harassment, she was unable to perform her job. Ensko's allegations, therefore, satisfy the "severe and pervasive" element of her hostile work environment claim.

(b)  Individual Liability Under Title VII

Chief Livesay and Officers Steppe and Sauers contend that Title VII does not impose individual liability.

Title VII provides that it "shall be an unlawful employment practice for an employer... to discriminate against any individual with respect to his ...terms, conditions, or privileges of employment, because of such individual's ...sex." 42 U.S.C. § 2000e-2(a). Although, under Title VII, an "employer" includes a "person engaged in an industry affecting commerce who has fifteen or more employees.., and any agent of such person," *id*. § 2000e(b),

Title VII does not impose individual liability. *See Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998). *Lissau* teaches that it "would make little sense to hold a single individual liable when Congress had expressly exempted all companies employing fewer than twenty persons from the statute." *Id.* (*discussing Birkbeck v. Marvel Lighting Corp.*, 30

F.3d 507, 510 (4th Cir. 1994) (construing the Age Discrimination Employment Act).

Accordingly, Ensko's Title VII claims against Livesay, Steppe and Sauers will be dismissed.

(c)  Retaliation

The elements of a retaliation claim are: (1) engagement in a protected activity; (2) adverse employment action by the employer; and (3) a causal connection between the protected activity and the asserted adverse action. *Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001). The County contends that the retaliation claim must be dismissed because Ensko has failed to plead an adverse employment action.

An adverse employment action is one which adversely affects the terms, conditions or benefits of the plaintiff's employment.  *See Munday v. Waste Management of N. Am., Inc.,* 126 F.3d 239, 243 (4th Cir. 1997), *cert. denied*, 522 U.S. 1116 (1998). An employer's failure to promote an employee constitutes an adverse employment action.  *See Wagstaff v. City of Durham,* 233 F.Supp. 2d 739, 744 (M.D.N.C. 2002)*(citing Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999)).  As Ensko alleges that she was denied a promotion, because of her participation in another discrimination suit, she has sufficiently alleged an adverse

employment action.

    3.   Section 1983

       Intentional sexual harassment of employees by persons acting under color of state law violates the Fourteenth Amendment and is actionable under §1983. *Beardsley v. Webb*, 30 F.3d 524, 529 (4th Cir. 1994). Courts apply the standards developed in Title VII sexual harassment litigation to similar claims brought under §1983. *Id.*

      (a) The County

       Municipalities may be sued directly under §1983 when the plaintiff has been deprived of constitutional rights pursuant to a policy or custom, "even though such custom has not received formal approval through the body's official decision-making channels....however, a "municipality cannot be held liable solely because it employs a tort-feasor." *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 590-91 (1978). As such, the County is only liable for actions of officials who have "final policymaking authority". *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

       Ensko contends that the County had an unwritten policy of sexual harassment. In support, Ensko has alleged

numerous   instances of sexual harassment directed at her as well as other female officers.  She has also claimed that this sexually charged environment has been present within the police department for several years.  She further alleges that she complained to several officials with final policy making authority and they failed to remedy this situation.  Whether the County actually had a policy or custom of sexual harassment of women in the police department is not to be resolved on this Motion to Dismiss.  *See Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)(12(b)(6) motion tests the sufficiency of a complaint, it does not resolve contests surrounding the facts).  Accordingly, Ensko has sufficiently alleged a §1983 claim against the County.

    (b)  Chief Livesay and Officer Steppe

        Supervisors may be held personally liable under §1983 for sexual harassment if they actually participated in the harassment, or if they were deliberately indifferent to the harassment.  *See Opriano v. Johnson*, 632 F.2d 1096,1101 (4TH Cir. 1980, *cert. denied*,450 U.S. 929 (1981).  Here, Ensko alleged that she repeatedly complained about the harassment to Livesay and that he refused to take action. Ensko has, therefore, stated a §1983 claim against Livesay.

Ensko also alleges that Steppe was one of the perpetrators of the harassment.  She contends that his screaming at her in the workplace about her hairstyle and referring to female officers as gay constituted sexual harassment.  Although this behavior is obviously unpleasant, it does not arise to the level of a Title VII action.  *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("Title VII is not a general civility code....ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing...will not amount to discriminatory changes in the "terms and conditions of employment".)

(c)  Officer Sauers

Coworkers may be liable for sexual harassment under §1983 if they harassed the plaintiff under color of state law. A state employee acts under color of state law "while exercising his responsibilities pursuant to state law." *Martin v. City of Bedford*, Civ. Action No. 88-0025-L, 1988 U.S. Dist. LEXIS 18212, at *8 (W.D.Va. Sept. 22, 1988).  Although the alleged harassment occurred during work hours, Sauers is simply Ensko's co-worker.  As such, he had no authority over or responsibility to Ensko.  This claim, therefore, will be dismissed.

4.   Intentional Infliction of Emotional Distress

Officers Steppe and Sauers contend that the

intentional infliction of emotional distress claim must be dismissed because Ensko failed to give the statutory notice.

The Local Government Tort Claims Act ("LGTCA") requires a plaintiff seeking unliquidated damages from a local government or its employees to submit administrative notice of this claim within 180 days after the injury. *See* MD. CODE ANN., CTS & JUD. PROC. § 5-304(a).  The notice is a condition precedent to the right to maintain an action for damages, *Grubbs v. Prince George's County*, 267 Md. 318 (1972) (*citing Cotham v. Board of County Comm'rs*, 260 Md. 556 (1971)), and compliance with the notice provision should be alleged in the complaint as a substantive element of the cause of action.  *Luy v. Baltimore Police Department*, 326 F.Supp. 2d 682, 693 (D.Md. 2004) (*citing Madore v. Baltimore County*, 34 Md. App. 340 (1976)).  It is undisputed that Ensko failed to allege this notice requirement in the Complaint.  Although the LGTCA notice requirement may be excused "upon motion and for good cause shown", MD. CODE ANN., CTS. & JUD. PROC. §5-304(c), Ensko has not made such a request nor alleged any facts that would establish good cause.

CONCLUSION

For the reasons discussed above, the County and Livesay's motion to dismiss will be granted in part and denied in part and Sauers and Steppe's motion to dismiss will be granted.


June 7, 2005                             _____/s/_____
Date                                     William D. Quarles, Jr.
                                         United States District Judge